NOT DESIGNATED FOR PUBLICATION

No. 121,962

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HENRY PAUDA ESQUIVEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed October 30, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Henry Pauda Esquivel appeals the district court's revocation of his probation and imposition of a modified sentence. We granted Esquivel's motion for summary disposition in lieu of the filing of briefs pursuant to Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State did not file a response to the motion.

On appeal, Esquivel contends the district court abused its discretion by revoking his probation because he had no prior probation violations and his rehabilitation would be advanced by receiving drug treatment and participating in the community. Under the

1

circumstances presented, we find the district court did not abuse its discretion in revoking Esquivel's probation in this case. We affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Esquivel pled no contest to one count of distribution of methamphetamine on June 1, 2018. The district court sentenced him to 73 months in prison and 36 months of postrelease supervision. In keeping with a plea agreement between Esquivel and the State, the district court granted him a downward dispositional departure to 36 months of probation.

In March 2019, the State alleged that Esquivel violated the terms of his probation by failing to attend a scheduled office visit with his case officer and by failing to complete a drug and alcohol evaluation as ordered by the district court. Prior to the revocation hearing, Esquivel reached a global agreement with the State involving two other criminal cases and this case on appeal. As related to this case, under the terms of the agreement Esquivel admitted to violating his probation and agreed to having his probation revoked in exchange for the State's recommendation to modify his sentence to 60 months' imprisonment.

In accordance with the agreement, the district court revoked Esquivel's probation and imposed a reduced sentence of 60 months' imprisonment. The district court cited K.S.A. 2019 Supp. 22-3716(c)(7)(B) in its revocation order, noting that revocation was permitted without the necessity of imposing intermediate sanctions because Esquivel's original sentence was the result of a dispositional departure.

Esquivel appeals.

2

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's admission to having committed probation violations satisfies the first step. Here, Esquivel admitted to violating the terms of his probation, relieving the State of its duty to prove the violations by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). After a violation has been established, the decision to reinstate probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227. Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158 (2014). Esquivel has the burden to show that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Important to this appeal, Esquivel's original sentence was a dispositional departure from a presumptive sentence of incarceration. A district court may revoke a defendant's probation if the defendant was granted a downward dispositional departure from presumptive incarceration to probation despite the fact that intermediate sanctions have not been previously imposed. K.S.A. 2019 Supp. 22-3716(c)(7)(B). As a result, the district court acted within the governing statutory rules.

The only remaining question is whether the district court's decision was arbitrary, fanciful, or unreasonable. Given that Esquivel voluntarily entered into an agreement with the State to amicably resolve three criminal cases—including this one—and the district court faithfully adhered to Esquivel's requested disposition in this case, which included a reduced prison sentence, we find no abuse of discretion.

Affirmed.